UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEONARD TUCKER, LLC,<br><br>                    Plaintiff,<br>     vs.<br><br>CLEAN VISION CORPORATION,<br><br>                    Defendant. | Case No.: 2:23-cv-00296-GMN-MDC<br><br>**ORDER CONFIRMING<br>ARBITRATION AWARD** |

Pending before the Court is Defendant/Counter-Claimant Clean Vision Corporation's Motion to Confirm Arbitration Award, (ECF No. 60). Plaintiff did not respond.

For the reasons discussed below, the Court GRANTS the Motion to Confirm Arbitration Award.

I. **BACKGROUND**

Plaintiff initiated this action alleging various violations arising out of a consulting agreement entered into by the parties. (*See* Compl., ECF No. 1-1). The case was then stayed pending arbitration. In January 2024, the Arbitrator resolved all issues of liability and in June 2024, the Arbitrator entered her Final Award resolving all issues regarding the parties' respective remedies on all claims and counterclaims. (*See generally* Final Award, Ex. 1 to Mot. Confirm Arbitration, ECF No. 60-1). The Final Award provides as follows:

THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:

1. That Clean Vision and its agents cancel all shares of Series B Stock issued under the Agreement;

2. That Leonard Tucker and Leonard Tucker LLC may retain any cash compensation received by Clean Vision Corporation under the Agreement;

    3. That Leonard Tucker and Leonard Tucker LLC are hereby ordered to pay Clean Vision the sum of NINETEEN THOUSAND SIX HUNDRED TWENTY-FIVE DOLLARS AND ZERO CENTS ($19,625.00) pursuant to the Interim Award; and

    4. That Clean Vision is hereby ordered to pay Leonard Tucker and Leonard Tucker LLC the sum of FORTY THOUSAND DOLLARS AND ZERO CENTS ($40,000) pursuant to this Award.

(*Id.* 11:16–12:3). Upon notice that arbitration concluded, the Court ordered the parties to file a Motion to Confirm Arbitration Award or a Joint Status Report. Defendant now moves to confirm the Final Award. (Mot. Confirm Arbitration, ECF NO. 60).

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") requires that, whenever "a party seeks a judicial order confirming an arbitration award, 'the court must grant such an order unless the award is vacated, modified, or corrected. . . ." *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 314 F.3d 987, 997 (9th Cir. 2003) (quoting 9 U.S.C. § 9). The FAA permits vacatur of an arbitration award only when "the award was procured by corruption, fraud, or undue means"; "there was evident partiality or corruption in the arbitrators"; "the arbitrators were guilty of misconduct"; or "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(1)-(4). The FAA authorizes a court to modify an arbitration award only when "there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award"; "the arbitrators have awarded upon a matter not submitted to them"; or "the award is imperfect in matter of form not affecting the merits." 9 U.S.C. § 11(a)-(c).

## III. DISCUSSION

Defendant/Counter-Claimant moves the Court to confirm the Final Award and to enter a declaratory and monetary judgment in favor of it. (*See generally* Mot. Confirm Arbitration). Most importantly, Plaintiff did not file a motion seeking to vacate or modify the arbitration

award.  Moreover, Plaintiff did not file a Response to Defendant/Counter-Claimant's Motion to Confirm Arbitration.  The Court construes Plaintiff's failure to respond, as a consent to the granting of the motion. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion. . . constitutes a consent to the granting of the motion."). Accordingly, the Court finds no basis on which to vacate, modify, or correct the arbitration award.  Thus, because the Final Award was not vacated, modified, or corrected, the FAA requires that the Court GRANT Defendant/Counter-Claimant's Motion to Confirm Arbitration Award. *See* 9 U.S.C. § 9.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant/Counter-Claimant's Motion to Confirm Arbitration Award, (ECF No. 60), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Final Award is **CONFIRMED**.  The Clerk of Court is kindly instructed to enter judgment in favor of Defendant/Counter-Claimant pursuant to the terms of the Final Award as follows:

1. That Clean Vision and its agents cancel all shares of Series B Stock issued under the Agreement;

2. That Leonard Tucker and Leonard Tucker LLC may retain any cash compensation received by Clean Vision Corporation under the Agreement;

3. That Leonard Tucker and Leonard Tucker LLC are hereby ordered to pay Clean Vision the sum of NINETEEN THOUSAND SIX HUNDRED TWENTY-FIVE DOLLARS AND ZERO CENTS ($19,625.00) pursuant to the Interim Award; and

///

///

///

///

4. That Clean Vision is hereby ordered to pay Leonard Tucker and Leonard Tucker LLC the sum of FORTY THOUSAND DOLLARS AND ZERO CENTS ($40,000) pursuant to this Award.

**DATED** this __25__ day of July, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court